**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MITCHELL FERNANDORS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  02-2001 (JDB)** |
| **DISTRICT OF COLUMBIA, et al.,** | |
| **Defendants.** | |

**MEMORANDUM OPINION**

Defendants have filed a motion in limine seeking to preclude plaintiff's use of certain

evidence at trial.  Specifically, plaintiff wishes to admit several General Orders of the

Metropolitan Police Department ("MPD") for the following purposes: (1) to use as one element

of the overall mix of circumstances considered by the jury in deciding whether defendants

violated plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures;

(2) to establish that defendants acted recklessly, intentionally or willfully with respect to

plaintiff's common law claims; (3) to establish that defendants acted recklessly, intentionally or

willfully for purposes of plaintiff's claim for punitive damages; and (4) to rebut defendants'

anticipated use of the General Orders to show that their actions were not improper.[1]  Plaintiff

claims that the General Orders are relevant to these issues and admissible under Fed. R. Evid.

---

[1]The Court will not address this point further, as defendants insist that they do not intend
to use the General Orders to show that their actions were proper.

401 and 402, and argues vehemently that they are also admissible under Fed. R. Evid. 404(b).[2]

Defendants challenge the admissibility of the General Orders as irrelevant under Rules 401 and

402, and as inadmissible under the balancing required by Fed. R. Evid. 403.  For the reasons that

follow, the Court will grant defendants' motion in part and deny defendants' motion in part.

**I.  Admissibility in Connection with Plaintiff's 28 U.S.C. § 1983 Claim Based Upon the Alleged Violation of Plaintiff's Fourth Amendment Rights**

It is well-settled that evidence tending to show a violation of an internal operating

procedure or guideline existing at the state law level is not only insufficient to prove a violation

of the United States Constitution, but it is also irrelevant to such a claim.  See  Kraushaar v.

Flanigan, 45 F.3d 1040, 1047, 1049 (7th Cir. 1995) (stating that "plaintiff cannot rely upon

provisions of state law to determine what conduct is reasonable under the federal Constitution"

and holding that "state-created liberty interests do not create federally enforceable rights");

United States v. Moore, 36 F.3d 127, 1994 WL 535734 at * 2 (D.C. Cir. 1994) (unpublished

disposition) (recognizing that a strip search conducted in violation of a Special Order of the

Metropolitan Police Department may still pass muster under the Fourth Amendment's

reasonableness calculus); Doe v. Burnham, 6 F.3d 476, 480 (7th Cir. 1993) (stating that "just

---

[2]The parties have spilled much ink arguing over whether Rule 404(b) provides a basis for admissibility of the General Orders in this case.  That rule, however, is inapplicable to the evidentiary issues before the Court.  By its terms, Rule 404(b) applies only to "[e]vidence of other crimes, wrongs, or acts."  The function of Rule 404(b) is to bar a party from using such evidence to show that because someone acted a certain way on a prior occasion, it is more likely that they acted that way on the specific occasion that is the subject of trial.  In this case, plaintiff seeks to admit evidence of the actions taken by defendants on the very occasion that is the subject of trial -- i.e., evidence of the same conduct (and its alleged inconsistency with MPD rules) that forms the basis of his claims.  There are no prior or "other" acts that plaintiff seeks to use as evidence.  Under such circumstances, Rule 404(b) does not govern the determination of admissibility.

because [a state] chooses to regulate police behavior in a certain way does not mean the police officers violate the Constitution by transgressing those rules" and recognizing that "the norms embodied in the Constitution and the norms authorized by [a state] legislature are not necessarily interchangeable . . . . a state may provide greater protections under its laws than the Constitution requires").  Plaintiff has cited no cases to the contrary.  Moreover, despite plaintiff's creative language and repeated assurances that he does not seek to use the General Orders as evidence of a Constitutional violation, a careful examination of his arguments reveals that this is, in fact, exactly what he seeks to do.  See Pl.'s Mem. Opp'n to Def.'s Mot. in Limine at 6-7, 7 (stating that " by violating MPD orders that they are charged with knowing, it is more likely that [d]efendants consciously disregarded constitutional standards and went beyond appropriate bounds in their search and arrest of [plaintiff]" and arguing that "violations [of MPD Orders] make[] it more likely that the strip search of [plaintiff] was unreasonable because [defendants] were not concerned with abiding by the rules").  But under the law, plaintiff cannot properly admit evidence that defendants violated the General Orders as a component of the mix of evidence for the jury to consider under the reasonableness calculus of the Fourth Amendment.  The General Orders would only be relevant insofar as the jury might use them to draw the prohibited inference of a violation of the Fourth Amendment.

Moreover, even if the General Orders were arguably relevant to the Fourth Amendment analysis, Fed. R. Evid. 403 would justify their exclusion.  Under Rule 403, the Court may exclude evidence if it concludes that the probative value of that evidence is substantially outweighed by its prejudicial effect or ability to confuse the jury.  As established above, the relevance of the General Orders is highly questionable; hence, any probative value that they may

carry is minimal or non-existent.  The risk of unfair prejudice that will flow to defendants as a

result of the admission of this evidence, however, is considerable -- it will be difficult for a jury

to draw the illusory distinction that plaintiff advocates, and a limiting instruction may not easily

be fashioned that will overcome the evidentiary infirmities of what plaintiff seeks to do.  See

Walker v. Saenz, 1992 WL 317188 at *3 (N.D. Ill. 1992) (unpublished disposition) (declining to

admit police regulations as evidence -- despite plaintiff's argument that violations of such

regulations make it more probable that the officers violated an individual's constitutional rights --

on the basis of undue prejudice because "[i]n spite of instructions to the contrary, the jury might

improperly assume that a violation of police regulations also constitutes a Constitutional

violation . . . . [and] might also confuse the standards for finding a violation under the noted

regulations with the standards for finding a [C]onstitutional violation").  The probative value of

the General Orders is, therefore, substantially outweighed by the risk of unfair prejudice under

Rule 403.

**II.  Admissibility in Connection with Plaintiff's Common Law Tort Claims**

Plaintiff submits that the General Orders are also relevant and admissible with respect to

his common law claims of false arrest, assault and battery, intentional infliction of emotional

distress, and invasion of privacy.  Each of these intentional torts may require plaintiff to prove

elements that concern defendants' state of mind or intent.  For the reasons that follow, the Court

will not exclude the General Orders, at this juncture, from admissibility with respect to plaintiff's

common law claims.[3]

---

[3] Defendants have not given the Court any reason to believe that there is a risk of unfair
prejudice inherent in admitting the General Orders only with respect to plaintiffs common law
claims, and have likewise not convinced the Court that a limiting instruction could not be

To prove the tort of battery, plaintiff must establish that defendants intended to touch him

in a harmful or offensive fashion.  See Etheredge v. District of Columbia , 635 A.2d 908, 916

(D.C. 1993) (quoting Jackson v. District of Columbia, 412 A.2d 948, 955 (D.C. 1979)).  For

assault, plaintiff must show that defendants intended and unlawfully attempted or threatened,

either by words or by acts, to physically harm him.  See id. (citing Jackson, 412 A.2d at 955).

Police officers have a "qualified privilege to use reasonable force to effect an arrest, provided that

the means employed are not 'in excess of those which the actor reasonably believes to be

necessary.'"  Id. (quoting Jackson, 412 A.2d at 955); see also Smith v. District of Columbia, 882

A.2d 778, 788 (D.C. 2005).  Although the standard for determining whether the contact is

harmful or offensive is objective, the question of reasonable belief is not.   In ascertaining what

constitutes a reasonable belief, the fact-finder must probe what the particular officer knew and

thought at the time he or she acted.  See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (stating

that "[t]he reasonableness of a particular use of force must be judged from the perspective of a

reasonable officer on the scene, rather than with the 20/20 vision of hindsight").  Because police

officers are presumed to be aware of the General Orders, a violation of the General Orders may

be relevant to negating any assertion that defendants reasonably believed they were using a level

of force that was proper under the circumstances.

With respect to plaintiff's claim of false arrest, the analysis is similar.  The key question is

whether defendants had a legal basis for arresting plaintiff -- that is, whether probable cause

existed.  An arrest that is lacking in probable cause under the Constitution may nonetheless be

justified if the jury finds that defendants believed, in good faith, that they were acting lawfully

_____

successfully crafted.

when they arrested plaintiff, and that this belief was reasonable.   See Etheredge, 635 A.2d at 918

(quoting District of Columbia v. Murphy, 631 A.2d 34, 36-37 (D.C. 1993)).   In essence, the

reasonable, good faith belief inquiry constitutes a form of common law probable cause --

probable cause not in the Constitutional sense, but rather as a means of privileging an otherwise

unlawful arrest under state law.   To the extent that defendants knew that arresting plaintiff

violated the General Orders, then, the General Orders may be relevant to the issue whether

defendants' belief that they were acting lawfully was reasonable and in good faith.

Regarding plaintiff's claim for invasion of privacy in the form of intrusion upon

seclusion, General Orders 304.10 and 502.01 appear to be relevant.   The intrusion upon seclusion

tort focuses on whether defendants undertook their actions with the intent of offending plaintiff's

privacy interests.   Again, it is presumed that police officers are aware of the General Orders.   If

defendants are charged with this knowledge, then it follows that they are on notice that acting

contrary to the Special Orders could invade the privacy interests of plaintiff.   Indeed, General

Order 304.10 purports, by its very terms, to strike a balance between law enforcement interests

and the preservation of privacy interests held by citizens.   See Pl.'s Exh. A to Pl.'s Mem. Opp'n to

Def.'s Mot. in Limine (hereinafter "Pl.'s Exh. A") at General Order 304.10 (July 1, 1973) (stating

that "[t]his order is intended to promote public safety and to safeguard members of the

department from injury, while ensuring that invasions of personal privacy of members of the

public will be held to a minimum").   One element of the intrusion upon seclusion tort requires

plaintiff to show that society is willing to recognize his alleged privacy expectation as

reasonable.   See Danai v. Canal Square Assocs., 862 A.2d 395, 402 (D.C. 2004) (citing Kyllo v.

United States, 533 U.S. 27, 33 (2001)) (finding that plaintiff's seclusion was not intruded upon

because she had no objectively reasonable expectation of privacy in trash that was disposed of in the community trash room).  The fact that General Order 304.10 does not permit officers to undertake certain conduct is arguably a reflection of the department's recognition of a particular privacy expectation as reasonable.  The same logic applies to General Order 502.01, which establishes procedures to be followed during strip searches.  See Pl.'s Exh. A at General Order 502.01 (Jan. 12, 2001).

Finally, the General Orders may also be relevant and admissible with respect to plaintiff's intentional infliction of emotional distress claim.  General Order 201.26 provides that "[p]risoners and suspects shall be treated in a fair and humane manner; they shall not be humiliated, ridiculed, taunted, or embarrassed."  See Pl.'s Exh. A at General Order 201.26 (Nov. 10, 1976).  General Order 304.10 details the procedures and acceptable behavior for officers when stopping and frisking a suspect.  See id. at General Order 304.10 (July 1, 1973).  And as mentioned above, General Order 502.01 establishes the procedures for officers to follow during strip searches.   To establish a claim for intentional infliction of emotional distress, plaintiff must show that defendants intentionally or recklessly caused plaintiff to suffer severe emotional distress through their allegedly extreme and outrageous conduct.  See Smith, 882 A.2d at 794 (quoting Larijani v. Georgetown Univ., 791 A.2d 41, 44 (D.C. 2002)).  To the extent that plaintiff can establish that defendants violated the standards established in the General Orders, the General Orders may thus be relevant to the issue of what constitutes "extreme and outrageous conduct."

Because the Court cannot say, at this juncture, that the General Orders fail to meet the threshold relevance requirements of Rules 401 and 402 with respect to plaintiff's common law

claims, and because defendants have given the Court no reason to believe that the General Orders

pose a risk of running afoul of Rule 403 if they are admitted only in this specific regard, the

Court will not exclude the General Orders from evidence at this time.  The Court will, however,

fashion a limiting instruction directing the jury that the General Orders may be considered only

with respect to plaintiff's common law claims.  A final ruling on admissibility will await the

fuller context provided by trial.

### III.  Admissibility in Connection with Plaintiff's Claims for Punitive Damages

Plaintiff seeks to recover punitive damages, and submits that the General Orders are

relevant to the jury's assessment of punitive damages.  The parties have requested D.C. Standard

Jury Instruction 16.01, which allows the jury to award punitive damages to plaintiff if it finds

both that defendants "acted with evil motive, actual malice, deliberate violence or oppression, or

with intent to injure, or in willful disregard for the rights of the plaintiff" and that defendants'

conduct was "outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff."

Although a violation of the General Orders certainly does not conclusively establish that

defendants violated the rights of plaintiff or acted maliciously or with an evil motive, the Court is

not convinced that the General Orders are altogether irrelevant in this regard.  A failure to adhere

to local police regulations and guidelines that are meant to protect the interests of the public,

including plaintiff, is relevant to the assessment of whether defendants acted with the requisite

intent for a damage award under local law -- specifically, with "evil motive, actual malice,

deliberate violence or oppression . . . or intent to injure."[4]  It may also be relevant to whether

---

[4]This logic is not inconsistent with the premise that the General Orders are irrelevant to
plaintiff's Constitutional claim under 28 U.S.C. § 1983, because claims under § 1983 do not
require a showing of specific intent.

defendants' conduct was "outrageous . . . or reckless toward the safety of the plaintiff."  To be

sure, the General Orders may be of limited probative value, but that is for the jury to decide, and

any qualified probative value of the General Orders does not undercut their relevance.  The Court

does not see a danger of unfair prejudice under Rule 403 that cannot be cured with a proper

limiting instruction, and defendants have not argued otherwise.  Hence, the General Orders will

similarly not be excluded at this time from evidence with respect to plaintiff's claim for punitive

damages.

## CONCLUSION

The General Orders are irrelevant to plaintiff's Fourth Amendment claim brought

pursuant to 28 U.S.C. § 1983, and are thus inadmissible with respect to that claim.  The General

Orders are not, however, necessarily inadmissible with respect to plaintiff's common law tort

claims or the claim for punitive damages, although further examination of these evidentiary

issues in the actual context of trial is not foreclosed.  Accordingly, defendants' motion in limine

is granted in part and denied in part.  A separate order has been posted on this date.


                                                                   /s/      John D. Bates
                                                              JOHN D. BATES
                                                             United States District Judge


Date:   February 23, 2006


*Copies to*:

Robert A. Jablon
Spiegel & McDiarmid
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tracy E. Connor
SPIEGEL & MCDIARMID

1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 879-4000
Carrie Griffin
SPIEGEL & MCDIARMID
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 879-2049
Email: carrie.griffin@spiegelmcd.com

Melinda A. Claybaugh
SPIEGEL & MCDIARMID
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 879-4000
Email: melinda.claybaugh@spiegelmcd.com
        *Counsel for plaintiff*

Robert DeBerardinis, Jr.
D.C. Corporation Counsel
P.O. Box 14600
Washington, D.C. 20044-4600
Harold S. Ginsberg
BODE & GRENIER, LLP
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036
(202) 862-4307
Fax: (202) 727-3625

Shana Lyn Frost
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
441 Fourth Street, NW
6th Floor South
Washington, DC 20001
(202) 724-6534
Email: shana.frost@dc.gov
        *Counsel for defendants*